# EXHIBIT A

MICHAEL K. JEANES, CLERK
BY                    DEP
D. Vanderberg
. D. VANDEBERG, FILED

18 JUN 27 PH 3: 5.9

Person Filing: David Chatwood
Address (if not protected): Po Box 67235 — Phoenix, AZ 85081
Code:_____    Telephone: 602-601-0348
Email Address: Kantnoc @ gmail.com
Lawyer's Bar Number:_____

Representing ☑ Self, without a Lawyer   or   ☐ Attorney for   ☐ Plaintiff   OR   ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

David Chatwood
**Name of Plaintiff**

Phoenix Police Dept.
**Name of Defendant**

Case Number: CV 2018-051243

Title: **PLAINTIFF'S DEMAND for JURY TRIAL**

Plaintiff, David Chatwood _____, demands a trial by jury in this case. If this
*(Name of Plaintiff)*

case is sent to compulsory arbitration, Plaintiff demands a trial by jury if there is an appeal from

that compulsory arbitration.

Dated this  6-27-18
*(Date of signature)*

_____
(Signature of Plaintiff or Plaintiff's Attorney)

MICHAEL K. JEANES, CLERK
BY
D. VANDEBERG
D. VANDEBERG, FILED
18 JUN 27 PM 3: 59
For Clerk's Use Only

Person Filing: David Chatwood
Address (if not protected): PO Box 67235
City, State, Zip Code: Phoenix AZ 85081
Telephone: 602-601-0348
Email Address: kantnoc@gmail.com
Lawyer's Bar Number:

Representing  [X] Self, without a Lawyer  or  [ ] Attorney for  [ ] Petitioner  OR  [ ] Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

David Chatwood
**Name of Petitioner/Plaintiff**

Case Number: CV 2018 - 051243

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR DEFERRAL OR WAIVER OF SERVICE OF PROCESS FEES**

Phoenix Police Department
**Name of Respondent/Defendant**

STATE OF ARIZONA        )
                                         ) ss.
COUNTY OF Maricopa   )

---

**NOTE: FILL OUT THIS FORM ONLY IF YOU REQUESTED DEFERRAL OR WAIVER OF SERVICE COSTS IN THE APPLICATION. YOU MUST HAVE ATTEMPTED PERSONAL SERVICE OR HAVE A VALID REASON FOR NOT DOING SO. SERVICE BY PUBLICATION IS USED AS A LAST RESORT.**

---

**Notice.** A Fee Deferral is only a temporary postponement of the payment of the fees due. You may be required to make payments depending on your income. A Fee Waiver is usually permanent unless your financial circumstances change during the pendency of this court action.

**I have requested a deferral or waiver of the following fees in my case:**

[ ]  **Fees for service of process by a sheriff, marshal, constable, or law enforcement agency:** In support of my request, I state that (check and complete any that apply):

     [ ]  I have attempted to obtain voluntary acceptance of service of process without success on the person to be served.

     [✓]  It would be useless or dangerous for me to try to obtain voluntary acceptance of service by the person to be served because (explain):

     _____

     _____

     [ ]  An enforceable injunction against harassment has been granted to me against the person to be served.

Case Number: _____

[ ] **Fees for publication:** In support of my request, I state that I have attempted to locate the person to be served but I have been unable to locate that person (check and complete any that apply):

[ ] This is what I did to try to find the other party (explain):

_____

_____

[ ] I have contacted the person(s) listed below to try to find the location of the other party.

| NAME | ADDRESS |
|------|---------|
| | |
| | |

## OATH OR AFFIRMATION

**I declare under penalty of perjury that the foregoing is true and correct.**

Date: 6-27-2018

_____
Signature

David Chatwood
Applicant's Printed Name

## INFORMATION FOR SERVICE

**You must provide the following information:**

To the best of my knowledge, as of (date) _____, the last known address of the person to be served as: _____

MICHAEL K. JEANES, CLERK
BY                                    DEP
D. Vandeberg
D. VANDEBERG, FILED
18 JUN 27 PM 3:59
For Clerk's Use Only

Person Filing: David Chatwood
Address (if not protected): PO Box 67235
City, State, Zip Code: Phoenix AZ 85081
Telephone: 602-601-0348
Email Address: kantnoc@gmail.com
Lawyer's Bar Number:

Representing  [X] Self, without a Lawyer  or  [ ] Attorney for  [ ] Petitioner  OR  [ ] Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

David Chatwood
**Name of Petitioner/Plaintiff**

Phoenix Police Department
**Name of Respondent/Defendant**

Case Number: CV 2018-051243

**APPLICATION FOR DEFERRAL OR WAIVER OF COURT FEES OR COSTS AND CONSENT TO ENTRY OF JUDGMENT**

**STATE OF ARIZONA**        )
                                          ) ss.
**COUNTY OF** Maricopa      )

**Notice.** A Fee Deferral is only a temporary postponement of the payment of the fees due. You may be required to make payments depending on your income. A Fee Waiver is usually permanent unless your financial circumstances change during the pendency of this court action.

I am requesting a deferral or waiver of all fees including: filing a case, issuance of a summons or subpoena, the cost of attendance at an educational program required by A.R.S. § 25-352, one certified copy of a temporary order in a family law case, one certified copy of the court's final order, preparation of the record on appeal, court reporter's fees of reporters or transcribers, service of process costs, and/or service by publication costs. (I have completed the separate Supplemental Information form if I am asking for service of process costs, or service by publication costs.) I understand that if I request deferral or waiver because I am a participant in a government assistance program, I am required to provide proof at the time of filing. The document(s) submitted must show my name as the recipient of the benefit and the name of the agency awarding the benefit. **Note. All other applicants must complete the financial questionnaire beginning at section 3. If you are a participant in one of the programs in section 1 or 2 (below), you do not need to complete the financial questionnaire, and can proceed to the signature page.**

1. [X] **DEFERRAL:** I receive government assistance from the state or federal program marked below or am represented by a not for profit legal aid program:

   [ ] Temporary Assistance to Needy Families (TANF)
   [X] Food Stamps
   [ ] Legal Aid Services

2. [ ] **WAIVER:**

   [ ] I receive government assistance from the federal Supplemental Security Income (SSI) program.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ADW                     Page 1 of 4                      GNF11f - 060115
                                                                                          Use current version

Case Number: _____

3. **FINANCIAL QUESTIONNAIRE**
   **SUPPORT RESPONSIBILITIES.** List all persons you support (including those you pay child support and/or spousal maintenance/support for):

   **NAME**                                      **RELATIONSHIP**

   _____              _____
   _____              _____
   _____              _____

**STATEMENT OF INCOME AND EXPENSES**

   Employer name: Unemployed _____
   Employer phone number: _____
   [ ] I am unemployed (explain): _____
   _____

   My prior year's gross income:                               $ 45,000 _____

**MONTHLY INCOME**

   My total monthly gross income:                              $ 0 _____
   My spouse's monthly gross income (if available to me):      $ _____
   Other current monthly income, including spousal maintenance/support,
   retirement, rental, interest, pensions, and lottery winnings:  $ _____

   **TOTAL MONTHLY INCOME**                                    $ 0 _____

**MONTHLY EXPENSES AND DEBTS:** My monthly expenses and debts are:

| | PAYMENT AMOUNT | LOAN BALANCE |
|---|---|---|
| Rent/Mortgage payment | $ 200.00 | $ _____ |
| Car payment | $ 345.00 | $ _____ |
| Credit card payments | $ _____ | $ _____ |
| Explain: _____ | | |
| Other payments & debts | $ _____ | $ _____ |
| Household | $ _____ | |
| Utilities/Telephone/Cable | $ _____ | |
| Medical/Dental/Drugs | $ 20 | |
| Health insurance | $ _____ | |
| Nursing care | $ _____ | |
| Tuition | $ _____ | |
| Child support | $ _____ | |
| Child care | $ _____ | |
| Spousal maintenance | $ _____ | |
| Car insurance | $ 105.00 | |
| Transportation | $ 100.00 | |
| Other expenses (explain) | $ Food 100 | |

   **TOTAL MONTHLY EXPENSES**                                  $ 870.00 _____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ADW

GNF11f - 060115
Use current version

Case Number: _____

STATEMENT OF ASSETS: List only those assets available to you and accessible without financial penalty.

|  | ESTIMATED VALUE |
|---|---|
| Cash and bank accounts | $ 0 _____ |
| Credit union accounts | $_____ |
| Other liquid assets | $_____ |
| **TOTAL ASSETS** | $ 0 _____ |

**The basis for the request is:**

4.  ☒ **DEFERRAL:**

A.  ☒  My income is insufficient or is barely sufficient to meet the daily essentials of life, and includes no allotment that could be budgeted for the fees and costs that are required to gain access to the court. My gross income as computed on a monthly basis is 150% or less of the current federal poverty level. (Note: Gross monthly income includes your share of community property income if available to you.)

OR

B.  [ ]  I do not have the money to pay court filing fees and/or costs now. I can pay the filing fees and/or costs at a later date. **Explain.**

_____

_____

OR

C.  [ ]  My income is greater than 150% of the poverty level, but have proof of extraordinary expenses (including medical expenses and costs of care for elderly or disabled family members) or other expenses that reduce my gross monthly income to 150% or below the poverty level.

| DESCRIPTION OF EXPENSES | AMOUNT |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| **TOTAL EXTRAORDINARY EXPENSES** | $_____ |

5.  ☒ **WAIVER:**

I am permanently unable to pay. My income and liquid assets are insufficient or barely sufficient to meet the daily essentials of life and are unlikely to change in the foreseeable future.

---

**IMPORTANT**

This *"Application for Deferral or Waiver of Court Fees or Costs"* includes a *"Consent to Entry of Judgment."* By signing this Consent, you agree a judgment may be entered against you for all fees and costs that are deferred but remain unpaid thirty (30) calendar days after entry of final judgment. At the conclusion of the case you will receive a *Notice of Court Fees and Costs Due* indicating how much is owed and what steps you must take to avoid a judgment against you if you are still participating in a qualifying program. You may be ordered to repay any amounts that were waived if the court finds you were not eligible for the fee deferral or waiver. If your case is dismissed for any reason, the fees and costs are still due.

---

Case Number: _____

**CONSENT TO ENTRY OF JUDGMENT.** By signing this Application, I agree that a judgment may be entered against me for all fees or costs that are deferred but remain unpaid thirty (30) calendar days after entry of final judgment.

## OATH OR AFFIRMATION

I declare under penalty of perjury that the foregoing is true and correct.

6-27-2018
Date

Signature

David Chatwood
Applicant's Printed Name

JUN 27 2018
Date

Judicial Officer, Deputy Clerk or Notary Public
CHRIS DEROSE, CLERK

D. Vandeberg
Deputy Clerk

My Commission Expires/Seal:

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ADW

Page 4 of 4

GNF11f - 060115
Use current version

Person Filing: David Chatwood
Address (if not protected): PO Box 67235
City, State, Zip Code: Phoenix AZ 85081
Telephone: 602-601-0348
Email Address: kantnoc@gmail.com
Lawyer's Bar Number:_____

MICHAEL K. JEANES, CLERK
BY _____ DEP
D. VANDEBERG, FILED

18 JUN 27 PM 3: 59

For Clerk's Use Only

Representing ☐ Self, without a Lawyer  or  ☐ Attorney for ☐ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

*David Chatwod*
**Name of Petitioner/Plaintiff**

Case Number: _____

CV 2018-051243

**ORDER REGARDING DEFERRAL OR WAIVER
OF COURT FEES AND COSTS AND
NOTICE REGARDING CONSENT JUDGMENT**

*Phoenix Police Dept.*
**Name of Respondent/Defendant**

NOTE: ONLY FILL OUT THE ABOVE INFORMATION. THE COURT WILL FILL OUT
THE REST OF THE FORM.

**THE COURT FINDS** that the applicant (print name) *DAVID CHATWOOD*     :

1. ☐ IS NOT ELIGIBLE FOR A DEFERRAL of fees and costs.

    OR

2. ☑ IS ELIGIBLE FOR A DEFERRAL of fees and costs based on financial eligibility. As required by state
    law, the applicant has signed a consent to entry of judgment.

    OR

3. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and costs at the court's discretion (A.R.S. § 12-302(L)).

    OR

4. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and costs based on good cause shown. As required by
    state law, the applicant has signed a consent to entry of judgment.

    OR

5. ☐ IS ELIGIBLE FOR A WAIVER of fees and costs because the applicant is permanently unable to pay.

    OR

6. ☐ IS ELIGIBLE FOR A WAIVER of fees and costs at the court's discretion (A.R.S. § 12-302(L)).

    OR

7. ☐ IS NOT ELIGIBLE FOR A WAIVER of fees and costs.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED                    Page 1 of 3

GNF18f - 071017
Use current version

Case Number: _____

**IT IS ORDERED:**

☐ **DEFERRAL IS DENIED** for the following reason(s):

☐ The application is incomplete because _____

**You are encouraged to submit a complete application.**

☐ The applicant does not meet the financial criteria for deferral because _____
_____

**A deferral MUST BE granted if the applicant is receiving public assistance benefits from the Temporary Assistance to Needy Families (TANF) program or Food Stamps; presents documentation they are currently receiving services from a non-profit legal services organization; has an income that is insufficient or barely sufficient to meet the daily essentials of life and that includes no allotment that could be budgeted to pay the fees and costs necessary to gain access to the court; or, if the applicant demonstrates other good cause.**

☑ **DEFERRAL IS GRANTED** for the following fees and costs in this court:

☑ Any or all filing fees; fees for the issuance of either a summons and subpoena; or the cost of attendance at an educational program required by A.R.S. § 25-352, fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment or decree in all civil proceedings.

☑ Fees for service of process by a sheriff, marshal, constable or law enforcement agency.

☐ Fees for service by publication.

☐ Filing fees and photocopy fees for the preparation of the record on appeal.

☐ Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

**IF A DEFERRAL IS GRANTED, PLEASE CHECK ONE OF THE FOLLOWING BOXES:**

☑ **NO PAYMENTS WILL BE DUE UNTIL FURTHER NOTICE.**

☐ **SCHEDULE OF PAYMENTS.**
The applicant shall pay $_____ each _____ (week, month etc.) until paid in full, beginning _____.

☐ **WAIVER IS DENIED** for all fees and costs in this case.

☐ **WAIVER IS GRANTED** for all fees and costs in this case that may be waived under A.R.S. § 12-302(H).

☐ Any or all filing fees; fees for the issuance of either a summons or subpoena; or the cost of attendance at an educational program required by A.R.S. § 25-352, fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment or decree in all civil proceedings.

☐ Fees for service of process by a sheriff, marshal, constable or law enforcement agency.

☐ Fees for service by publication.

☐ Filing fees and photocopy fees for the preparation of the record on appeal.

☐ Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ODF

Page 2 of 3

GNF18f - 071017
Use current version

Case Number: _____

**RIGHT TO JUDICIAL REVIEW.** If the application is denied or a payment schedule is set by a special commissioner, you may request the decision be reviewed by a judicial officer. The request must be made within twenty (20) days of the day the order was mailed or delivered to you. If a schedule of payments has been established, payments shall be suspended until a decision is made after judicial review. Judicial review shall be held as soon as reasonably possible.

**NOTICE REGARDING CONSENT JUDGMENT.** Unless any of the following applies, a consent judgment may be entered against the applicant for all fees and costs that are deferred and remain unpaid thirty (30) days after entry of final judgment:

A. Fees and costs are taxed to another party;

B. The applicant has an established schedule of payments in effect and is current with those payments;

C. The applicant filed a supplemental application for waiver or further deferral of fees and costs and a decision by the court is pending;

D. In response to a supplemental application, the court orders that the fees and costs be waived or further deferred; or

E. Within twenty (20) days of the date the court denies the supplemental application, the applicant either:

    1. Pays the fees and costs; or,

    2. Requests a hearing on the court's order denying further deferral or waiver. If the applicant requests a hearing, the court cannot enter the consent judgment unless a hearing is held, further deferral or waiver is denied, and payment has not been made within the time prescribed by the court.

If an appeal is taken, a consent judgment for deferred fees and costs that remain unpaid in the lower court shall not be entered until thirty (30) days after the appeals process is concluded. The procedures for notice of court fees and costs and for entry of a consent judgment continue to apply.

If a consent judgment is signed and the applicant pays the fees and costs in full, the court is required to comply with the provisions of A.R.S. § 33-964(C).

**DUTY TO REPORT CHANGE IN FINANCIAL CIRCUMSTANCES.** An applicant who is granted a deferral or waiver shall promptly notify the court of any change in financial circumstances during the pendency of the case that would affect the applicant's ability to pay court fees and costs. Any time the applicant appears before the court on this case, the court may inquire as to the applicant's financial circumstances.

DATED: ___JUN 2 7 2018___

☐ Judicial Officer   ☐ Special Commissioner

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ODF

Page 3 of 3

GNF18f - 071017
Use current version

CHRIS DEROSE, CLERK
RECEIVED CCB #1
DOCUMENT DEPOSITORY

18 AUG 23 AM 9 15
FILED
BY E. VAZQUEZ, DEP

# MARICOPA COUNTY SHERIFF'S OFFICE
### Civil Process Section
111 South 3rd Avenue, 2nd Floor
Phoenix, Arizona 85003-2292

David Chatwood
vs.
Phoenix Police Department

| | | |
|---|---|---|
| STATE OF ARIZONA | ) | CV2018-051243 |
| | ) ss. | |
| County of Maricopa | ) | 18005380 |

I hereby certify that I received the within documents on the **28th day of June A.D. 2018** at the hour of **12:14 PM**, and served the same on the **31st day of July A.D. 2018** on **Phoenix Police Department** being said defendant(s) named in said documents, by delivering to **Rieckhoff, Specical Deputy City Clerk**, who is authorized to accept service, at **620 W Washington Street, Phoenix, AZ 85003**, at **1:05 PM** in the County of Maricopa, a copy of said **Civil Cover Sheet - New Filing Only, Summons, Civil Complaint, Certificate Of Compulsory Arbitration, Plaintiff's Demand For Jury Trial.**

**Dated this 31st day of July A.D. 2018.**

| | |
|---|---|
| Service | $16.00 |
| Mileage | $16.00 |
| | |
| Total | $32.00 |

PAUL PENZONE
Maricopa County Sheriff

*J.P. Newman*

By _____
Deputy J. Newman #S1277

A9195

18005380
209

ORIGINAL

Person Filing: David Chatwood
Address (If not protected): P O Box 67235
City, State, Zip Code: Phoenix AZ 85051
Telephone: 602-601-0348
Email Address: Kcontoos@gmail.com
Lawyer's Bar Number:

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff   OR  ☐ Defendant

CHRIS DEROSE, CLERK
RECEIVED CCB #1
DOCUMENT DEPOSITORY

18   AUG -3   AM 9: 15
FILED
BY E. VAZQUEZ, DEP

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

David Chatwood

Name of Plaintiff

And

Phoenix Police Department

Name of Defendant

Case No.: CV 2018-051243

## SUMMONS

**WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

**FROM THE STATE OF ARIZONA TO:** Phoenix Police Department

Name of Defendant

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

    • Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR

    • Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR

    • Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR

    • Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

    Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 2

CV11f -092917

Case Number: _____

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

   • 601 West Jackson, Phoenix, Arizona 85003
   • 18380 North 40th Street, Phoenix, Arizona 85032
   • 222 East Javelina Avenue, Mesa, Arizona 85210
   • 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

JUN 2 7 2018

SIGNED AND SEALED this date

CHRIS DEROSE, CLERK          CHRIS DEROSE, CLERK OF SUPERIOR COURT

By_____

Deputy Clerk

D. Vandeberg
Deputy Clerk

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

© Superior Court of Arizona in Maricopa County            CV11f -092917
ALL RIGHTS RESERVED        Page 2 of 2

MICHAEL K. JEANES, CLERK
BY
DEP

In the Superior Court of the State of Arizona

In and For the County of Mericopa

Case Number _____

J. D. VANDEBERG. FILED

Is Interpreter Needed? ☐
Yes   No If yes, what language: 18 JUN 27 PH 3: 59

# CV2018-051243

Plaintiff's Attorney Pro Se Davd Chatwood

Attorney Bar Number _____

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| David Chatwood | PO Box 67235 | 602-601-0348 | kantnoc@gmail.com |

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All) Phoenix Police officer did not give name. Officer can be identified with video of him_____
will ammend after getting officers name _____

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY   ORDER   SOUGHT: ☐ Temporary   Restraining   Order ☐ Provisional   Remedy ☐ OSC

☐
   Election Challenge ☐ Employer Sanction ☐ Other _____
☐                                    (Specify)
RULE 8(h) COMPLEX LITIGATION APPLIES. Rule 8(h) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a
   substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐
THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.)
Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

☐
☐ **100   TORT   MOTOR**
☐ **VEHICLE:**                             **101** Non-Death/Personal Injury

**102** Property Damage
**103** Wrongful Death

## 110 TORT NON-MOTOR VEHICLE:

- ☑ **111**          Negligence
- ☐ **112**   Product   Liability   –   Asbestos
- ☐ 112 Product Liability – Tobacco
- ☐ 112 Product Liability – Toxic/Other
- ☐ 113 Intentional Tort

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

- ☐ 114 Property Damage  115  Legal Malpractice
- ☐ 115 Malpractice – Other professional
- ☐ 117 Premises Liability
- ☐ 118 Slander/Libel/Defamation
- ☐ 116          Other          (Specify)

## 120 MEDICAL MALPRACTICE:

- ☐ **121** Physician M.D.  123 Hospital
- ☐ **122** Physician D.O  124 Other

Page 1 of 2                    CV10f – 120116

Case No. _____

## 130 CONTRACTS:   194   Immigration   Enforcement ☐ Challenge

(See lower court appeal cover sheet in Maricopa) (§§1-501, 1-502, 11-1051)

- ☐ **131** Account (Open or Stated)
- ☐ **132** Promissory Note
- ☐ **133** Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - 136 Six to Nineteen Structures
  - 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- Special Action against Lower Courts

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa) 150
- ☐ Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐

195(b) Amendment of Birth Certificate
163 Other _____
(Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐
☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
A Complex Case as defined by Rule 8(h) ARCP

**Additional Plaintiff(s)**

Defendant name is unknown Phoenix Police officer and his supervisor

**Additional Defendant(s)**

Police officers supervisor

©Superior Court of Arizona in Maricopa County          Page 2 of 2
CV10f - 120116
ALL RIGHTS RESERVED

Person Filing: David Chatwood
Address (If not protected):Po Box 67235 Phoenix, AZ 85082          City,
State, Zip Code:
Telephone:     602-601-0348
Email Address:   kantnoc@gmail.com
Lawyer's Bar Number:

Representing ☐ Self, without a Lawyer  or ☐ Attorney for ☐ Plaintiff  OR
Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED                                      Page 2 of 2         CV11f-092917

MICHAEL K. JEANES. CLERK
BY _____ DEP
D. VANDEBERG. FILED
18 JUN 27 PH 3:59
Pm 3:59

**Person Filing:**

Address (if not protected): Po Box 67235 _____ City,

State, Zip Code: Phoenix, AZ 85081 _____ Telephone:

Email Address: Kantnot@gmail.com

Lawyer's Bar Number:

Representing ☑ Self, without a Lawyer or ☐ Attorney for ☐ Petitioner OR ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

CV 2018-051243

Case Number: _____

PLAINTIFF,

David Chatwood vs. Phoenix Police Department

## CERTIFICATE OF COMPULSORY ARBITRATION

_____ DEFENDANT. _____

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs **does / does not** exceed limits set by Local Rule for compulsory arbitration. This case **is / is not** subject to compulsory arbitration as provided in Rules 72 through 77 of the Rules of Civil Procedure.

SUBMITTED this 27 day of June , 20 18 .

BY

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 1

CV00f - 030617
Use current version

Person Filing: David Chatwood

Address (if not protected): ~~Po Box~~ Po Box 67235   City, State, Zip

Code: Phoenix, AZ 85051

Telephone: ~~602 110~~ 662-601-0348   Email Address:

Lawyer's Bar Number:

Representing  ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR
Respondent

---

MICHAEL K. JEANES CLERK
BY D. Vanderberg DEP
D. VANDEBERG FILED

18 JUN 27 PH 3: 57

100   PAID   333 ˉ Δ
R # 26670510

---

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

David Chatwood
**Name of Plaintiff**

Phoenix Police Department
**Name of Defendant**

Case Number: CV 2018-051243

Title: **CIVIL COMPLAINT**

---

Plaintiff hereby submits this complaint against Defendant(s) and alleges the following:

## JURISDICTION and VENUE

1. Maricopa County Superior Court has the legal authority to hear and decide this case because:
   *(Check all boxes that are true.)*

   This action arises under the United States Constitution and the laws of the

   United States and is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988
   Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to

   28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so

   related to claims in this action within the original jurisdiction of this Court that they form

   part of the same case or controversy.

---

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 050718

3.    Venue is proper in this District under 28 U.S.C. 1391(b) in that the parties

Reside, or at the time the events took place, resided in this judicial district and the events

18   giving rise to the Plaintiff's claims occurred in this judicial district.

☑ The value of this case exceeds $10,000 dollars.

☐ Replevin or other nonmonetary remedy will take place in Maricopa County.

☑ The Plaintiff resides in Maricopa County.

☑ The Defendant resides in Maricopa County.

☑ The Defendant does business in Maricopa County.

☑ The events, actions, or debts subject of this Complaint occurred in Maricopa County.

☐ Other reason: _____

_____

## PARTIES

2. The Plaintiff in this case is <u>David Chatwood  at all relevant times, was a resident of Maricopa County, Arizona</u>

2.    The Defendant in this case is <u>Unidentified Phoenix police officer, at all relevant times, were duly appointed officers employed by the CITY OF PHOENIX Police Department, acting within the scope of their employment with the CITY OF PHOENIX and under the color of State Law.  The individual officers are being sued in their individual and official capacities: (will amend after getting the unidentified 2 officers name)</u>

<u>II    Defendant DOE SUPERVISORS 1-2 are being sued in their individual and official capacities for failing to properly train, supervise, and hold accountable the individual defendants.  DOES SUPERVISORS 1-2 are persons whose names are presently unknown to Plaintiff.  When the true names of DOE SUPERVISORS 1-2 become known, Plaintiff will move to amend this Complaint.</u>

<u>Defendant, CITY OF PHOENIX, a municipality duly incorporated under the laws of the State of Arizona, is the employer and principal of the individual Defendant officers, DOE SUPERVISORS 1-2.  At all times relevant</u>

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 050718

hereto. the CITY OF PHOENIX employed the individual defendants.  The CITY OF PHOENIX is responsible for the policies, practices, and customs of its Police Department.


## STATEMENT OF FACTS AND BREACH


3.   This action is brought by plaintiff to remedy violations of his Constitutional Rights pursuant to 42 U.S.C. §§ 1981, 1983, and 1988.

4.   In Phoenix, AZ on April 20th 2018, at or about 11:52 p.m ,plaintiff David Chatwood male 5'10 165 lbs wearing a grey cardigan sweater was driving West on the 202 highway in Maricopa County when he noticed a traffic accident had just occurred.

5.   Law enforcement had not arrived yet, so he was unsure if the crash victims needed any aid.  He took the 24th St exit so he would not be parked too close to the accident and cause any more problems.


6.   Three cars were involved.  When the plaintiff pulled up the 24th St exit, the 3rd car involved was pulled down on the exit ramp to the right waiting for law enforcement.

7.   This is the first car the plaintiff approached, which had 3 non-black males inside.  They said they were okay, so the plaintiff proceeded towards the other 2 cars on the highway.

8.   There was a car on the left side of the highway with a Caucasian female inside; the plaintiff asked her if she was okay.  She signaled yes.

9.   The other crash victim a white male was on the other side of the road standing by his vehicle.  The plaintiff asked if he was okay, and if he needed any help pushing the car to the side.  The driver said no he was okay.

10.  The plaintiff was satisfied that no one needed help, so he starts walking back to his vehicle.  This is when he turns on his camera phone at 4/20/2018 11:59 pm.


© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 050718

11.  The plaintiff discussed what happened as he walked back to his car. As he continues to walk he notices the Helicopter seems to be putting the light on him.

12.  The plaintiff turns his camera phone back on and discusses his concern that stopping to help might not have been the best idea.

13.  As he continues walking he comes back to the first crash victims. On camera you can hear the plaintiff say to them "You guys know I just came here to help you right."

14.  Within seconds Phoenix police officer (the defendant) comes from the opposite direction and full force tackles the plaintiff; slamming him into the ground.   The defendant caused him to pop his left shoulder out of socket, also knocking the phone out of the plaintiff's hand.

15.  The phones screen cracks but does not break, it falls perfectly to see the unidentified Phoenix Police Officers face, as well as another officer with a tan uniform.   Although the plaintiff is in pain, he does not resist and lets the officer place cuffs on him. The plaintiff yells out, "I just stopped to help these people." (As heard on the video)

16.  The plaintiff asked why he has to be in cuffs, and the officer says "Because you were walking away".(as heard on the video) The plaintiff responds dumbfounded, fear causes him to stutter he says " wha wha what what am I supposed to be doing on the side of the highway?" (heard on video)

17.  The officers tell him he must remain in cuffs and they are detaining him.  Meanwhile everyone involved in the accident is free to move as they please.

18.  The plaintiff was detained approximately 20-40 minutes; an unidentified superior officer arrives and advises them to release the plaintiff from the cuffs and let him leave.

19.  The plaintiff tried to get the officers name that tackled him, but an officer asked the plaintiff if I wanted to leave or not, feeling lucky to be alive the plaintiff opted to leave.

20.  The plaintiff found his cell phone on top of his car, his cell phone recorded the incident.
The most reliable witness is the plaintiff's cell phone video. Which shows the officers face clearly that assaulted and detained the plaintiff.

21.  The video shows the plaintiff's demeanor before he was assaulted by the phoenix police officer.

22.  At no time during the events described above, was Plaintiff incapacitated, a threat to safety of himself or others, disorderly or in the commission of a criminal offense.

23. The Defendant had no warrant for the arrest of the Plaintiff, no probable cause for an arrest of the Plaintiff, and no legal cause or excuse to seize the person or property of the Plaintiff.

24. The video will prove the plaintiff was not an imminent threat of injury to the officer and/or others.  The plaintiff was not actively resisting seizure.

25. The circumstances were not tense, uncertain or rapidly evolving.  The severity of the crime was low because the officers were responding to a car accident, not a robbery.

26. Furthermore the plaintiff was not involved in the car accident so the plaintiff had no reason for attempting to evade seizure.

27. The defendant did not have good faith to believe that a crime had been committed.   A male walking in the vicinity of an accident is not good faith a crime has been committed.

28. The defendant did not have a reasonable perception that the plaintiff was not capable of volitional compliance to commands.

29. When a person, being without fault, is in a place where he has a right to be, is violently assaulted, he may without retreating repel by force, the plaintiff did not use this right in fear for his life.

30. The plaintiff questions the defendants training because a well-trained officer would have given a voice command to a person walking near a car accident.

31. A well trained officer would ask questions before assaulting a citizen that could have possibly been in the car accident.

32. The plaintiff was in a place where he can legally be not attempting to evade seizure by flight clearly walking slowly in the video.

33. The plaintiff's video shows force was applied maliciously and sadistically for the very purpose of causing harm and intimidation.

34. Force was not used to protect the officer or any witness's,

35. A well trained officer would not assume the negative and assault a citizen walking near the scene of a car accident.

36. A well trained officer would have used verbal commands 1st

37. The officer failed to identify himself and warn the Plaintiff that the officer would use force for any reason. As seen on video

38. We recognize in *Deorle* that police officers normally provide such warning where feasible, even when the force is less than deadly, and that the failure to give such a warning is a factor to consider. See 272 F.3d at 1284; see also Jackson, 268 F.3d at 653 (finding that the officer's "safety interest" "increased further when the group was warned by police that a chemical irritant would be used if they did not move back... and the group refused to comply :)

39. Here, it was feasible to give a warning that the use of force was imminent if Chatwood did not comply. While a warning to Chatwood may or may not have caused him to comply, there was "ample time to give a warning that the use of force was imminent if Chatwood did not comply.

40. While a warning to Chatwood may or may not have caused him to comply, there was " ample time to give that order or warning and no reason what so ever not to do so." *Deorle*, 272 F.3d at 1284.[15] Second, we have held that police are "required to consider'[w]hat other tactics if any were available ' to effect the arrest." *Headwaters*, 240 F.3d at 1204 (quoting *Chew*, 27 F.3d at 1443).15

41. Objectively, however, there were clear, reasonable, and less intrusive alternatives. The defendant (assaulting officer) knew additional officers were in route to the scene.

42. He was, or should have been, aware that the arrival of those officers would change the tactical calculus confronting him, likely opening up additional ways to resolve the situation without the need for an intermediate level of force.

43. Thus, while by no means dispositive, that Officer Doe did not provide a warning before using force and apparently did not consider less intrusive means of effecting Chatwood's detainment factor significantly into our *Graham* analysis.

44. The plaintiff did not threaten anyone, or create a substantial risk of causing physical injury to the peace officer or another. The plaintiff did not engage in passive resistance, the police officers lawfully could only use minimal force to effectuate the arrest of a person suspected of a minor offense who posed no threat.

45. The defendant placed the plaintiff's life in danger by unlawfully assaulting him. The plaintiffs fear could have escalated the situation more, instead the plaintiff de- escalated the situation by going limp and letting the officer assault him, cuff him and detain him unlawfully in fear for his life.

46. As a direct and proximate result of the said acts of the Defendant Phoenix Police Officer, Plaintiff has suffered violations of his constitutional rights under the Fourth and Fourteenth Amendments to the United

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 050718

States Constitution to be free from unreasonable search and seizure of her person, loss of his physical liberty, and physical and emotional suffering.

47. The actions of Defendant deprived Plaintiff of his rights not only under the United States Constitution but also under the State of Arizona Constitution, Article 2 Section 4 - Due process of law.

48. Defendant Phoenix Police officer was, at all times herein, acting under the color of law.

49. As a result of defendants' conduct, plaintiff has been caused to suffer physical harm, humiliation and fear for his life. The plaintiff is now on anxiety medication, as well as seeing a therapist. The plaintiff had no history of PTSD, anxiety medication or therapy before the incident with the defendant.

50. The actions taken against Plaintiff were undertaken with a willful and wanton disregard for his rights such that punitive, and compensatory damages are warranted.

51. We must adhere to well-developed Supreme Court law that requires us to analyze each case individually, looking at the totality of the circumstances from the perspec- tive of a reasonable officer on the street. Graham, 490 U.S. at 396. Then, we must assess whether a jury could determine that the choice the officer made in the heat of the moment fits within a range of reasonable actions. Id. at 396-97.

52. Traffic violations generally will not support the use of a significant level of force. See Deville v. Marcantel, 567 F.3d 156, 167 (5th Cir. 2009) ("Deville was stopped for a minor traffic violation . . . making the need for force substantially lower than if she had been suspected of a serious crime."). nonviolent and â€posed no threat to the safety of the officers or others.' " Headwaters, 240 F.3d 11.

53. The level of force an individual's resistance will support is depen- dent on the factual circumstances underlying that resistance.

Count 1

**42 U.S.C 1983 – State of Arizona**

54. The plaintiff hereby repeats and realleges paragraphs 1-51 as though fully set forth herein.

55. For the reasons set forth above, including but not limited to defendants' failure to properly train Defendant Phoenix Police officer, plaintiff has been deprived his constitutional privileges such that defendants are liable.

56. WHEREFORE, plaintiff demands judgement against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, enhanced attorney's fees, and any other relief the Court deems equitable and just.

COUNT II

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 050718

### Arizona Civil Rights Act- State of Arizona

57.  The plaintiff hereby repeats and realleges paragraphs 1-51 as though fully set forth herein.

58.  For the reasons set forth above, including but not limited to defendants' failure to properly train Defendant Phoenix Police officer, plaintiff has been deprived his constitutional privileges such that defendants are liable.

59.  WHEREFORE, plaintiff demands judgement against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, enhanced attorney's fees, and any other relief the Court deems equitable and just.

### Count III

### 42 U.S.C 1983 – Phoenix Police Department

60.  The plaintiff hereby repeats and realleges paragraphs 1-51 as though fully set forth herein.

61.  For the reasons set forth above, including but not limited to defendants' failure to properly train Defendant Phoenix Police officer, plaintiff has been deprived his constitutional privileges such that defendants are liable.

62.  WHEREFORE, plaintiff demands judgement against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, enhanced attorney's fees, and any other relief the Court deems equitable and just.

### Count VI

### Arizona Civil Rights Act – Phoenix Police Officer

63.   The plaintiff hereby repeats and realleges paragraphs 1-51 as though fully set forth herein.

64.  For the reasons set forth above, including but not limited to defendants' failure to properly train Defendant Phoenix Police officer, plaintiff has been deprived his constitutional privileges such that defendants are liable.

65.  WHEREFORE, plaintiff demands judgement against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, enhanced attorney's fees, and any other relief the Court deems equitable and just.

66.  The officer caused severe injuries, the officer's act was grossly disproportionate to the need for action under the circumstances, and the officer's act was inspired by malice rather than merely carelessness or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience. 73 Thus, under the *Rochin* line of cases, the Seventh Circuit, among other courts, evaluated police use of excessive force under a "shock the

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 050718

67. Conscience" standard. This standard, in contrast to the fourth amendment test, mandated

evaluation of subjective factors (such as malice) and a finding that the officer inflicted "serious injury."

74

68.

Respectfully submitted,

Plaintiff David Chatwood


DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal

Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.


(If you need more space, add an attachment labeled "Statement of Facts and Breach," and continue consecutive numbering.)


## APPLICABLE LAW SUPPORTING CLAIMS


### FEDERAL CLAIMS

### COUNT I – 42 U.S.C. § 1983

### EXCESSIVE FORCE

69. _____ Plaintiff incorporates by reference all other paragraphs in this Complaint as

70. _ though fully alleged herein.

71. _____ At all relevant times, Chatwood enjoyed and possessed a right under the

72. _ Fourth and Fourteenth Amendments to the United States Constitution to be free from

73. _ unreasonable seizure and the use of excessive, unreasonable, and unjustified force.

74. _____ At all relevant times, the individual Defendant Officers and/or DOE

75. _ SUPERVISORS 1-2 were acting under the color of state law in their capacity as Phoenix

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
CVC10f 050718

76.   police officers, and their acts or omissions were conducted within the scope of their official

77.   duties or employment.

78.  Defendant Officers applied unreasonable,

79.  excessive, and conscious-shocking physical force to the person of Chatwood, causing

80.  him to pop his arm out of socket and fear for his life. As set forth above, without legal justification or excuse.

81.  Defendants' actions and use of force were objectively unreasonable

82.  in light of the facts and circumstances confronting them at the time and violated the

83.  Constitutional rights of Chatwood.

84.  Defendants engaged in the conduct described in this Complaint willfully,

85.  maliciously, in bad faith, in reckless disregard of Chatwoods  federally protected

86.  rights.


## COUNT II – 42 U.S.C. § 1983

## FAILURE TO PROTECT/INTERVENE

87.  Plaintiff incorporates by reference all other paragraphs in this Complaint as
   though fully alleged herein.

88.  At all relevant times, Chatwood enjoyed and possessed a right under the Fourth and Fourteenth
Amendments to the United States Constitution to be free from unreasonable seizure and the use of excessive,
unreasonable, and unjustified force.

89.  At all relevant times, the individual Defendant Officers were acting under the color of state law in their
capacity as Phoenix police officers, and their acts or omissions were conducted within the scope of their official
duties or employment.

90.  Defendant Officers and/or DOE SUPERVISORS 1-2 applied unreasonable, excessive, and conscious-
shocking physical force to the person of Chatwood, causing his injuries mentally and physically, as set forth
above, without legal justification or excuse.

91. Defendants' actions and use of physical force were objectively unreasonable in light of the facts and circumstances confronting them at the time and violated the Constitutional rights of Chatwood. Defendant Officers and/or DOE SUPERVISORS 1-2, and all of them, knew or should have known that they had a duty to protect Chatwood from the application of unreasonable force to his person which was likely to cause substantial harm, and did.

92. Chatwood was neither a flight risk, a dangerous felon, nor an immediate threat. Therefore, there was simply "no immediate need to subdue [Chatwood]" before Officer Doe's fellow officers arrived or less-invasive means were attempted. Deorle, 272 F.3d at 1282; see also, Blankenhorn v. City of Orange, 485 F.3d 463, 480 (9th Cir. 2007) (" '[I]t is the need for force which is at the heart of the Graham factors' " (quoting Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir.1997))).

93. Officer Doe's desire to quickly and decisively end an unusual and tense situation is understandable. His chosen method for doing so violated Chatwood's constitutional rights.

94. In fact, result in substantial harm, including his anxiety attacks he currently suffers from. None of the Defendant Officers and/or DOE SUPERVISORS 1-2 took reasonable steps to protect Chatwood from the objectively unreasonable and conscience shocking excessive force of other Defendant Officers and/or DOE SUPERVISORS 1-2 or from the excessive force despite being in a position to do so.

95. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of the Defendant.

96. Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith, in reckless disregard of Chatwood's federally protected rights.

97. As a result of Defendants' failure to protect Chatwood from the application of unreasonable force and/or failure to take reasonable steps to prevent the harm from occurring, Chatwood's mental state suffered harm.

COUNT IV – 42 U.S.C. § 1983

SUPERVISOR LIABILITY

98. Plaintiff incorporates by reference all other paragraphs in this Complaint as though fully alleged herein. At all relevant times, the Defendant DOE SUPERVISORS 1-2 were acting under the color of state law, and their acts or omissions were conducted within the scope of their official duties or employment.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 050718

99. The acts and omissions of the individual defendants, as set forth above, deprived Chatwood of his Constitutional and federally protected rights and ultimately caused his Anxiety attacks he currently suffers from.

87.   Defendant DOE SUPERVISORS 1-2 failed to prevent the individual defendants from – and/or otherwise directed them to – use unreasonable, excessive force where not objectively reasonable or necessary, refuse to protect Chatwood from the application of unreasonable, excessive and/or deadly force at the hands of their fellow officers.

100.      Defendant DOE SUPERVISORS 1-2's failure to prevent the individual defendants from depriving Chatwood of his Constitutional and federally protected rights was so closely related to the deprivation of Chatwoods rights as to be the moving force that cause him to currently have anxiety attacks, require medications and therapy.

MUNICIPAL LIABILITY

[FAILURE TO TRAIN]

101.      Plaintiff incorporates by reference all other paragraphs in this Complaint as though fully alleged herein.    At all relevant times, the individual defendants, including Defendant DOE SUPERVISORS, the Defendant Officers and/or DOE SUPERVISORS 1-2, were acting under the color of state law in their capacity as Phoenix police officers and/or City employees, and their acts or omissions were conducted within the scope of their official duties or Employment.

102.       The acts or omissions of the individual defendants, including Defendant DOE SUPERVISORS, the Defendant Officers and/or DOE SUPERVISORS 1-2, as described above, deprived Chatwood of his federally protected rights and ultimately caused him to be diagnosed with Acute anxiety, and Unspecified Depressive Disorder.

103.      Defendant CITY OF PHOENIX has the authority and responsibility to establish policy for the City's Police and its Community Center employees, to train and oversee operations of the Police and its Community Center employees and the services provided by them, and to evaluate, certify, and maintain the Police Department and the Community Center's compliance with applicable standards.

104.      The training policies of Defendant CITY OF PHOENIX, including the Phoenix Police Department, were not adequate to prevent the gross violation of Chatwood's federally protected rights, which led to his Acute anxiety, and unspecified depressive disorder..

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 050718

105.    Defendant CITY OF PHOENIX, including the Phoenix Police Department, were deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations by its employees and/or were otherwise deliberately indifferent to the known or obvious consequences of its failure to train its police officers and employees adequately.

106.    The failure of Defendant CITY OF PHOENIX, including the Phoenix Police  Department, to prevent violations of law by its employees and/or to provide adequate training, caused the deprivation of Chatwood's rights and ultimately his death; that is, Defendant CITY OF PHOENIX's failure to prevent violations of law by its employee and/or to train those employees is so closely related to the deprivation of Chatwood's rights as to be the moving force that caused his diagnosis of Acute anxiety, and unspecified depressive disorder..

MUNICIPAL LIABILITY

[UNLAWFUL POLICIES, PRACTICES, AND/OR CUSTOMS]

94.    Plaintiff incorporates by reference all other paragraphs in this Complaint as

though fully alleged herein.

95.    At all relevant times, the individual defendants, including Defendant

DOE SUPERVISORS 1-2, were acting under

the color of state law in their capacity as Phoenix police officers and/or City employees,

and their acts or omissions were conducted within the scope of their official duties or

employment.

96.    The acts or omissions of the individual defendants, including Defendant

DOE SUPERVISORS 1-2, as described above,

deprived Chatwood of his federally protected rights and ultimately caused his Acute anxiety, and unspecified

depressive disorder.

97.    Defendant CITY OF PHOENIX has the authority and responsibility to

establish policy for the City's Police and its Community Center employees, to train and

oversee operations of the Police and its Community Center employees and the services

provided by them. and to evaluate. certify, and maintain the Police Department and the

Community Center's compliance with applicable standards.

98.    Upon information and belief, at the time of Chatwood's assault, the CITY

OF PHOENIX had a policy, practice and/or custom of ignoring misconduct by officers

despite knowledge of the violations by policy-making officials who knew or had reason to

know of the violations.

99.    Upon information and belief, Defendant CITY OF PHOENIX's widespread policy, practice and/or custom

caused the deprivation of Chatwood's rights by the individual Defendants; that is, Defendant CITY OF PHOENIX's

widespread policy,  practice and/or custom is so closely related to the deprivation of Chatwood's rights as

to be the moving force that caused Chatwood to be diagnosed with acute anxiety and depressive disorder.

(    ) _____

_____

(    ) _____

_____

(    ) _____

_____

(    ) _____

_____

(    ) _____

_____

(If you need more space, add an attachment labeled "Applicable Laws Supporting Claims," and continue
consecutive numbering.)

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED                  Page 14 of 4                      CVC10f 050718

# INJURIES

Before this encounter the plaintiff was not on any medications.  He is now at risk for prescription drug addiction a growing problem in America and the world.  The plaintiff is extremely stressed out about becoming dependent on prescription medication.

Emotional distress, pain and suffering;

**04/20/2017 Tackled to ground by Phoenix Police**

Injuries sustained

Shoulder popped out of socket when the officer tackled him.  Plaintiff managed to pop back into socket.

**On 05/01/2017, the arm and shoulder was still feeling pain so Plaintiff went to FastMed Urgent**

**Diagnosis:**

1.      Pain in left Shoulder

2.      Other Muscle Spasm

The doctor suggested he get an X-Ray. Plaintiff paid out of pocket cost of 199.00 due to no insurance.

X- Ray results Left Shoulder

Bones: Normal  Normal mineralization, No fracture, small inflammatory change.

Soft tissue Normal, swelling

Other : None

Impression: No acute findings normal for age.

Medication Orders

Prescribed diclofenac sodium 75mg 1 tablet by mouth Twice a Day as directed 20 Refills.

Prescribed at 2:27 PM on 05/01/2018

Prescription sent to Walgreens Drug Store 03789 Phone 6022757507 3605 E Thomas Rd Phoenix,

Prescribed cyclobenzaprine 10 mg 1 tablet by mouth Every 8 hours as needed #21 Refills , No driving while on this medication, do not take with other sedating medications.

Prescribed at 2:27 PM on 05/01/2018

Prescription sent to Walgreens Drug Store 03789 Phone 6022757507 3605 E Thomas Rd Phoenix,

Recommedations/Plan

Wear a sling and apply ice as instructed.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f  050718

Suggested Cryotherapy and heat Therapy

Discharged by Heather Juniper, FNP 05/01/2018 2:27:24 PM

Reason for visit:

Joint pain of the left shoulder since 10 days ago.  Results of an injury that occurred on 04/21/2018.  Which had a sudden onset.  The plaintiff reports that the onset was: Associated with blunt force Trauma after being tackled by the police.

Patient Clinical Summary

- Joint Pain

- Back Pain

- Muscle Pain

**05/18/2018 10:38:00**

**Plaintiff had a panic attack and was admitted to Tempe St. Luke's Hospital Emergency Department 1500 S. Mill Avenue, Tempe, AZ 85281 480-784-5500**

MRN: 1200534425 FIN TSL-17000020515

Reason for Visit: Numbness; SOB, Numbness in hands and Feet

Plaintiff was driving on highway at 10 am 5/18/2018.  3 Police officers approached from behind him with sirens and lights going.  He thought they were pulling him over.  He pulled to the side of the road and they went around him.  Suddenly he had severe trouble breathing accompanied with chest pain.  The plaintiff started to panic when his feet and hands became numb.  He happened to know where Tempe Saint Luke Hospital was, so he drove himself there where he was given a chlordiazepoxide-injection, and put on a EKG to check heart.  The doctor advised he was having a panic attack.

Final Diagnosis 1: Acute anxiety

With Page, MD Curtis P 480-894-2823

Comments

Return to ED if symptoms worsen.

Given chlordiazepoxide-injection, and put on a EKG to check heart.  Referred to Crisis Preparation and Recovery Inc.

**5/25/2018**

**Had PNP- Intake Assessment at Crisis Preparation and Recovery Inc.**

Diagnosis F41.9- Unspecified Anxiety Disorder

Effective Date 05/25/2018

Type: Primary

Added by Natalie Corsbie, PMHNP-BC

Diagnosis

F32.9 - Unspecified depressive disorder

Specifier: with anxious distress

Effective Date 05/25/2018

Type: Primary

Added by Natalie Corsbie, PMHNP-BC

Diagnosis noted depression with anxious distress as primary, unspecified anxiety disorder.  Fears, worry (hx of past trauma response, with some symptoms R/O PTSD.  Denies hx of mania, psychosis, prior self-harm or aggression.

Counseling recommended will put on list to focus on anxiety, coping skills for anxiety and depression.  Plaintiff agreed to the above.

Start Paxil 20mg 1/2 tablet till tolerated then increase to 1 po q day for the above noted issues.

Risperdal .25 mg po bid prn for anger and mood instructed to only use if he cannot control or manage symptoms.

R.B.S and alternatives discussed

Given information on Epocrates, with side effects risk benefits.

Information on Serotonin Syndrome Provided from Mayo clinic

Discussed above.

Crisis number provided

Patient OQ high was able to contract for safety informed if not able to stay safe to take self to the labs will request from ER.

Will request UD's next vs

Discussed policy procedure for contacting provider, no shows, cancellation and d/c and medication management policy

Schedule RN to call him next week to see how he is doing and how he is tolerating medications RTC 4 weeks or as needed

CSPMP reviewed no issues defined

PCP CC

*Client will be seen at least every 1 to 12 weeks.

© Superior Court of Arizona in Maricopa County
   ALL RIGHTS RESERVED                    Page 17 of 4                    CVC10f 050718

Signed Natalie Corsbie, PMHNP-BC 05/25/2018 8:51:46 PM

Plaintiff next therapy date is 06/27/2018: at Crisis Preparation and Recovery Inc. 1400 E Southern Ave Suite 735

Phone 480-804-0326

) _____

_____

_____

( ) _____

_____

( ) _____

_____

( ) _____

_____

(If you need more space, add an attachment labeled "Injuries," and continue consecutive numbering.)

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f  050718

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against defendant(s), and each of them (if       applicable) for the following dollars, interest, costs and expenses incurred herein, **or** non-       monetary remedy, including reasonable attorneys' fees, and for such other and further relief as       the Court may deem just and proper.

The common law provides for the award of both punitive and compensatory damages in section 1983 actions. [10 9]

More specifically, in excessive force actions, the jury may award both compensatory and punitive damages

against the individual police officer.  "Compensation is an obligation properly shared by the municipality itself,

whereas punishment properly applies only to the actual wrongdoers." [114]  With respect to compensatory damages,

the plaintiff can recover for physical and emotional pain, [115] and for lost wages suffered as a result of

the incident. [116] The law permits the jury to award punitive damages under section 1983 "when the defendant's

conduct is shown to be motivated by evil intent or when it involves reckless or callous indifference to

the federally protected rights of others."" [17]

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against the Defendants, and each of them, for the violations of

Chatwood's Constitutional and statutory rights as follows:

 42 U.S.C. 1983 - Excessive Use of Force in an amount of not less

$70,000 against individual stop and detain;

$525,000 against City and individual
Amount as may be deemed fair and just by the trier of fact;

a. Special damages include, but are not limited to, loss of income and

services, medical fees, therapy fees, and expenses,

incurred on behalf of Phoenix Police officer and supervisor

© Superior Court of Arizona in Maricopa County
    ALL RIGHTS RESERVED                       CVC10f  050718

b. General damages include, but are not limited to, loss of consortium, pain

and suffering, loss of enjoyment of life.

2. For punitive damages against the individual Defendants in an amount to be

determined by the trier of fact;

3. For pre-judgment and post-judgment interest;

4. For attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

5. For such other and further relief as the Court deems just and proper.


 Respectfully submitted this 8th day of December 2017,


The plaintiff seeks the following relief.

  a.  Compensatory damages, including but not limited to those for emotional distress, pain and

     suffering;

     Before this encounter the plaintiff was not on any prescription medications. The plaintiff is now at

     risk for prescription drug addiction a growing problem in America and the world. The plaintiff is

     extremely stressed out about becoming dependent on prescription medication. The plaintiff could

     be on anxiety medication the rest of his life. And is unsure how long he will need therapy.


  b.  Actual economic damages and consequential damages arising out of Defendants' conduct.

| | | |
|---|---|---:|
| 1. | Medical Expenses | 400.00 |
| 2. | Property Damage Cell phone | 200.00 |
| 3. | Lost earnings | 21,389.00 |
| 4. | Future Lost Income | 50,000.00 |
| 5. | Estimated Future Medical Expenses | 10,000.00 |
| | Total | 30,871.00 |

  d.  Punitive damages    = 2 million

  f.   Attorney fees and cost;

  g.   Such further relief as justice requires

The plaintiff has now been diagnosed with a form of PTSD F32.9 - Unspecified depressive disorder, as well as Acute

anxiety. The patient is a public speaker, but since the incident has refused to be in large crowds where police

© Superior Court of Arizona in Maricopa County
   ALL RIGHTS RESERVED

CVC10f 050718

frequent which makes it hard to go to work or commute. As a result the plaintiff missed a significant amount of work. As a result his brand is suffering, effecting his future employment.   This incident has changed the plaintiff's whole life.   The plaintiff is under high stress leaving his home feeling that he could be attacked by mistake at any given moment.   The plaintiff will always feel apprehensive about helping fellow citizens in need of help because of this. Just thinking about getting a flat tire while driving and ending up on the side of the highway makes the plaintiff fear for his life.   Feeling as if he can be mistaken for a criminal at any given moment.

Missed Speaking engagement 04/21/2018 5,200

Missed Speaking engagement 05/05/2018 3,200

Missed Speaking engagement 05/19/2018 4,000

Missed Speaking engagement 06/09/2018 4,200

Missed Speaking engagement 06/23/2018 4,789

 The plaintiff will be missing more work due to ongoing treatment, or inability to continue working at current job while plaintiff recovers.

5. Estimated Future Medical Expenses

PTSD could cost up to about $7,000 per year per person, when you consider both the cost of treatment and lost productivity.

 PTSD sufferers "often can't take crowds, which makes it hard to go to work or commute," says Bella Schanzer, the chief of mental health at the John D. Dingell VA Medical Center. Rand also estimates that PTSD could cost up to about $7,000 per year per person, when you consider both the cost of treatment and lost productivity (note that lost productivity includes both lost wages and cost to the employer, which the firm did not separate out).

(          ) _____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC10f 050718

(       ) _____

        _____

(       ) _____

        _____

(If you need more space, add an attachment labeled "Demand for Relief," and continue consecutive numbering.)

Dated this _____6 - 27 - 2018_____ .
              *(Date of signature)*

_____
*(Signature of Plaintiff or Plaintiff's Attorney)*

© Superior Court of Arizona in Maricopa County
    ALL RIGHTS RESERVED                    Page 22 of 4                    CVC10f  050718

# EXHIBIT B

1    Office of the Phoenix City Attorney
     Brad Holm, City Attorney
2    State Bar No. 011237
     200 West Washington, Suite 1300
3    Phoenix, Arizona 85003-1611
     Telephone (602) 262-6761
4    law.civil.minute.entries@phoenix.gov

5    Shannon M. Bell, Bar No. 018403
     Assistant City Attorney
6    Attorneys for Defendant CITY OF PHOENIX

7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                  IN AND FOR THE COUNTY OF MARICOPA

10

11   DAVID CHATWOOD,                         Case No. CV2018-051243
                      Plaintiff(s),
12                                           **NOTICE OF FILING NOTICE OF**
                                             **REMOVAL**
13        vs.

14   PHOENIX POLICE DEPARTMENT,

15                    Defendants.            (Assigned to the Honorable Cynthia Bailey)

16        Defendant, City of Phoenix, through undersigned, and pursuant to 28 U.S.C. §

17   1441, et seq., hereby notifies this Court that it has filed a Notice of Removal of this

18   action to the United States District Court for the District of Arizona.  A copy of the

19   Notice of Removal filed May 23, 2018, is attached hereto as Exhibit "A."

20

21   ...

22   ...

23   ...

24   ...

1

DATED this 20th day of August, 2018.

BRAD HOLM, City Attorney

By: _____/s/Shannon M. Bell_____
Shannon M. Bell
Assistant City Attorney
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Attorneys for Defendant City of Phoenix

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2018, I served the attached document by mail on the following, who is not registered participants of the CM/ECF System:

David Chatwood
PO BOX 67235
Phoenix, AZ 85081
Plaintiff(s) Pro Per

By_____

SB/ca
2061592v1

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

2